UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAN DIEGO POLICE DEPARTMENT, a ) <br> municipal corporation, et al., ) <br> ) <br> Defendants. ) | Case No. 07cv1071 WQH (WMc) <br><br> **ORDER GRANTING IN PART AND DENIGN IN PART PLAINTIFF'S PITCHESS MOTION TO COMPEL PRETRIAL DISCOVERY, OR IN THE ALTERNATIVE, FOR *IN CAMERA* REVIEW [DOC. NO. 50.]** |

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

On April 29, 2008, Plaintiff filed a motion for pretrial discovery or, in the alternative, for an *in camera* inspection of documents. [Doc. 50.] Specifically, Plaintiff requests an order requiring Defendants to produce documents withheld on the grounds of privilege as well as a privilege log, or for an *in camera* inspection of the withheld documents. [Doc. 50-2, 2:16-24.]

Defendants contend Plaintiff's motion must be denied for: (1) failure to meet and confer; (2) failure to properly serve non-parties under Rule 34(c) and Rule 45 of the Federal Rules of Civil Procedure; (3) failure to identify and request the specific records he seeks to compel; and (4) failure to tailor his requests to address the actual officers involved in Plaintiff's July 13, 2007 arrest. [Doc. No. 57 at 2:21-25 ; 3:13-17 ; 3:19-24; 4:21-25.]

## II.

## DISCUSSION

Federal discovery rules 26 through 37 "have been interpreted liberally to allow maximum discovery." *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (1984 E.D. N.C.) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947).) Accordingly, in federal cases, the burden of resisting discovery is on the party opposing discovery. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

In general, under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

**A.  Privileges**

Plaintiffs' civil rights action against the San Diego Police Department (and its individual officers) arises under 42 U.S.C. 1983, a federal statute. [*See* First Amended Complaint, Doc. No. 49.] Because Plaintiffs' federal rights may be impacted by Defendants' various assertions of privilege, it is well established that the existence of those claimed privileges is governed by principles of federal common law. *United States v. Zolin*, 491 U.S. 554 (1989); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) ("It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state or local authorities.  If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.") Defendant, the San Diego Police Department, objects to Plaintiff's document requests based on both federal <u>and</u> state privileges.  However, as explained above, "*only* federal common law governs the adjudication of federal rights."  *Leon v. County of San Diego*, 202 F.R.D. 631, 636 (S.D. Cal. 2001) (emphasis added) (citing *Taylor v. Los Angeles Police Dept.* 1999 WL 33101661, *3 n. 1 (C.D. Cal. Nov. 10, 1999) ("The so-called privileges raised by Defendants under various provisions of the California Evidence and Penal Codes are not federal evidentiary

privileges and do not warrant discussion.") Accordingly, the Court will only sustain and/or deny objections based on federal evidentiary privileges asserted by Defendant. The Court has reviewed the Defendant City of San Diego's Response to Plaintiff's Demand for Production of Documents and identified the document demands of Plaintiff that may, on their face, seek documents which are protected from disclosure under one or more federal common law privileges. Specifically, the number of those document demands are as follows: 1, 2, 5, 6, 9, 10, 11, 12, 20, 30, 31, 33. However, because Plaintiff has failed to meet and confer with Defendants, and as a result of the failure to meet and confer, Defendants have not lodged the documents at issue with this Court, the Court cannot make a final ruling on the nature of the documents at this time.[1] The Court, therefore, issues the following orders:

    1. Plaintiff and counsel for Defendants shall meet and confer **no later than July 25, 2008** on the disputed document demands identified above and any other demands identified by Plaintiff as being at issue;

    2. After the meet-and-confer session, the Defendant shall: (a) produce any undisputed documents, and (b) serve Plaintiff with a revised privilege log based on the privilege log categories identified in *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992), **no later than August 11, 2008;**

    3. Defendant shall also lodge with Judge McCurine's chambers **no later than August 11, 2008**: (a) the revised privilege log, and (b) a copy of the disputed documents for *in camera* review. The Court notes that in order to properly trigger the Court's consideration of the potentially privileged materials at issue, Defendant must also make a substantial threshold showing by submitting a declaration from a responsible official with personal knowledge of the police

---

[1] The Court reminds Plaintiff that his *pro se* status does not exempt him from complying with the Federal Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)("pro se litigants must follow the same rules of procedure that govern other litigants.")

department's internal investigatory system. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995.)

**B.  Objections**

After its consideration of the Defendant City of San Diego's Response to Plaintiff's Demand for Production of Documents, the Court also **SUSTAINS** the following Objections to Demand Nos. 18 (on vagueness and ambiguity grounds), 25, 26, 27, and 28 (on overbreadth and relevance grounds).  With respect to Demand Nos. 16 and 24**,** the Court orders the parties' to discuss these document demands during their meet-and-confer conference.  At the meet-and-confer, Plaintiff should be prepared to:  (1) define the "incident(s)" described in document demand no. 16, and (2) with respect to document demand no 24., identify the incident(s) for which Plaintiff seeks "late, follow-up, or incomplete reports" of the San Diego Police Department.

## III.

## CONCLUSION AND ORDER

For all the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel discovery.  While no documents shall be produced at this time, as discussed above, the parties are, however, ordered to accomplish the following to initiate the Court's *in camera* review of disputed documents.  Accordingly, the Court issues the following orders:

1. Plaintiff and counsel for Defendants shall meet and confer **no later than July 25, 2008**;

2. Defendant shall: (a) produce any undisputed documents, and (b) serve Plaintiff with a revised privilege log **no later than August 15, 2008;**

3. Defendant shall also lodge with Judge McCurine's chambers  **no later than August 15, 2008**: (a) the revised privilege log, and (b) a copy of the disputed documents for *in camera* review.

///

4. The Court will hold a Telephonic Discovery Conference on **September 2, 2008 at 3:00 p.m.** Counsel for Defendant is ordered to contact Plaintiff and then initiate a JOINT call to the Court at (619) 557-6624.

**IT IS SO ORDERED.**

Dated: July 3, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

COPY TO:

HON. WILLIAM Q. HAYES, UNITED STATES DISTRICT JUDGE
PLAINTIFF *PRO SE* IN CASE NO. 07-CV-1071
ALL PARTIES AND COUNSEL OF RECORD