UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE KASSAB, | ) | Case No. 07cv1071 WQH (WMc) |
| Plaintiff, | ) ) | **ORDER ON PRODUCTION OF DOCUMENTS FOLLOWING *IN CAMERA* REVIEW** |
| v. | ) ) | |
| SAN DIEGO POLICE DEPARTMENT, a municipal corporation, et al., | ) ) ) | |
| Defendants. | ) | |

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

On April 29, 2008, Plaintiff filed a motion for pretrial discovery or, in the alternative, for an *in camera* inspection of documents. [Doc. 50-2, 2:16-24.] After receiving a brief extension, Defendants filed an opposition on June 19, 2008. [Doc. Nos. 55, 56 and 57.] Plaintiff filed a reply in support of his motion on June 24, 2008. [Doc. No. 58.] On July 3, 2008, the Court issued an Order granting in part and denying part Plaintiff's motion for discovery and directing the parties to meet and confer as well as lodge with Judge McCurine's chambers a revised privilege log and a copy of the disputed documents for *in camera* review. [Doc. No. 59.] The privilege log and disputed documents were lodged with Judge McCurine's chambers on August 15, 2008. The Court has completed its *in camera* review and issues the following order.

///

## II.

## *IN CAMERA* REVIEW

As noted above, Defendants have submitted for *in camera* review general personnel and training files as well as Internal Affairs files concerning the arrest of Plaintiff on July 13, 2006, one of two arrests which form the basis of the claims in Plaintiffs' first amended complaint.

**A.    Internal Affairs Records Concerning Investigations Into Citizen Complaints Made By Plaintiff Are Not Protected From Disclosure By Official Information Privilege**

"Federal common law recognizes a qualified privilege for official information." *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). The personnel files of government employees have been considered official information for purposes of the common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990.) Courts engage in a balancing test to determine whether personnel files are privileged and thereby protected from disclosure. *Miller*, 141 F.R.D. at 300. Specifically, "courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Id.* The balancing test is pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987.)

In order to properly invoke the privilege and trigger the Court's consideration of the materials at issue, the party opposing disclosure must make a substantial threshold showing by submitting a declaration from a responsible official with personal knowledge of the police department's internal investigatory system. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995.) (citing *Kelly*, 114 F.R.D. at 670.) Defendants have met the threshold by submitting the declaration of David Ramirez, the Executive Assistant Chief of Police for the San Diego Police Department. Chief Ramirez is responsible for the oversight and administration of the Internal Affairs Unit. [*See* Ramirez Decl., 1:21-25.]

The Court has reviewed *in camera* the documents lodged by Defendants and finds that in this case, which concerns allegations of discrimination, retaliation, false arrest and excessive force, the benefits of providing Plaintiff with an opportunity to review relevant internal affairs investigations into the officers' conduct with respect to the July 13, 2006 arrest, as well as other

1  interactions with Kassab, outweigh the Police Department's interest in maintaining the
2  confidentiality of the Internal Affairs records at issue.  Indeed, confidentiality is not a significant
3  factor in the Court's balancing exercise in this case because the internal affairs files at issue were
4  created in response to citizen complaint forms submitted by Plaintiff himself.  Moreover,
5  Defendants' interests are especially outweighed in light of the federal courts' pre-weighting in
6  favor of disclosure and this Court's determination that disclosure will occur pursuant to
7  protective order as explained below.  Accordingly, the following internal affairs documents shall
8  be produced:

    CM-IA-00002
    CM-IA-00006 to CM-IA-00008
    CM-IA-00011 to CM-IA-00015
    CM-IA-00018 to CM-IA-00019
    CM-IA-00027 to CM-IA-00036
    CM-IA-00040 to CM-IA-00054
    CM-IA-00056 to CM-IA-00057
    CM-IA-00061 to CM-IA-00066
    CM-IA-00208 to CM-IA-00251
    CM-IA-00254 to CM-IA-00266
    CM-IA-00274 to CM-IA-00293
    CM-IA-00295 to CM-IA-00318
    CM-IA-00341 to CM-IA-00343
    CM-IA-00357 to CM-IA-00362
    CM-IA-00365 to CM-IA-00369
    CM-IA-00372 to CM-IA-00373
    CM-IA-003765 to CM-IA-00376
    CM-IA-00380 to CM-IA-00381
    RH-SS-IA-00007 to RH-SS-IA-00051
    RH-SS-IA-00055 to RH-SS-IA-00057

1  RH-SS-IA-00060 to RH-SS-IA-00063
2  RH-SS-IA-00067 to RH-SS-IA-00070
3  RH-SS-IA-00076 to RH-SS-IA-00085
4  RH-SS-IA-00089 to RH-SS-IA-00101
5  RH-SS-IA-00103 to RH-SS-IA-00104
6  RH-SS-IA-00106 to RH-SS-IA-00108
7  RH-SS-IA-00110
8  RH-SS-IA-00113 to RH-SS-IA-00124
9  RH-SS-IA-00133 to RH-SS-IA-00175
10 RH-SS-IA-00214 to RH-SS-IA-00219
11 RH-SS-IA-00222 to RH-SS-IA-00226
12 RH-SS-IA-00228 to RH-SS-IA-00229
13 RH-SS-IA-00231 to RH-SS-IA-00232
14 RH-SS-IA-00236 to RH-SS-IA-00239
15
16 **B.    Officer Training Certificates Are Relevant And Shall Be Produced**

17  Under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Moreover, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

22  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).) Items typically found in personnel files, such as records concerning training and performance, have been held to be relevant on the issues of credibility, notice to the employer, ratification by the employer, motive of the officers and malicious intent. *See Soto v. City of Concord*, 162 F.R.D. at 613 (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D.

Cal. 1993).)    Accordingly, all documents identified in Defendant's privilege logs as "Training Certificate", "Certificate of Completion" or "Certificate of Training" shall be produced in full.

**C.      General Personnel Files Are Protected By A Right of Privacy**

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). The party whose privacy is affected may object or seek a protective order. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). Resolution of a privacy objection or request for protective order requires a balancing of the need for the particular information against the privacy right asserted. *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 550-551 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case.) With respect to the disclosure of police files, courts have recognized that privacy rights are not inconsequential. *Kelly v. City of San Jose*, 114 F.R.D. 653, 650 (N.D. Cal. 1987).

In the instant civil rights action, Plaintiff alleges causes of action for false arrest and imprisonment, assault, retaliation, intentional infliction of emotional distress and use of excessive force arising out two separate arrests of Plaintiff on July 13, 2006 and on December 19, 2007. [*See* Plaintiff's First Amended Complaint "FAC" 8:24-9:3, 14:18-15:8.] After an *in camera* review of the files, the Court determines that the majority of the police officers' personnel files are irrelevant to Plaintiff's claims. *See* Fed. R. Civ. P. 26(b) (establishing discoverable nature of matter that is relevant and not privileged.) Moreover, Plaintiff has no need for the sensitive personal information commonly found in personnel files such as home address, telephone number, social security number, emergency contact information, and salary history. Accordingly, the officer personnel files in their entirety are not discoverable. The Court notes that training certificates, which are a subset of the officers' broad personnel files, have already been found by the Court to be discoverable and shall be produced in full. (*See* Section II (B) *supra*.)

///

## III.

## DISCLOSURE SHALL OCCUR SUBJECT TO PROTECTIVE ORDER

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.) Defendant has requested a narrowly-tailored protective order should the Court order the production of documents. (*See* Ramirez Decl., 5:10-15.)

The Court finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved. Therefore, the Court orders the parties to enter into a protective order governing the documents the Court has ordered to be disclosed. The parties shall finalize said protective order no later than **October 6, 2008**. Service of the documents ordered disclosed shall occur within **ten (10) calendar days** after the Court signs the protective order. All documents produced must be bates-stamped. Every page of every document must have a number.

## IV.

## CONCLUSION

In accordance with the Court's findings expressed above, Defendants are ordered to produce the following documents **pursuant to protective order**:

```
CM-IA-00002
CM-IA-00006 to CM-IA-00008
CM-IA-00011 to CM-IA-00015
CM-IA-00018 to CM-IA-00019
CM-IA-00027 to CM-IA-00036
CM-IA-00040 to CM-IA-00054
CM-IA-00056 to CM-IA-00057
CM-IA-00061 to CM-IA-00066
CM-IA-00208 to CM-IA-00251
CM-IA-00254 to CM-IA-00266
CM-IA-00274 to CM-IA-00293
CM-IA-00295 to CM-IA-00318
CM-IA-00341 to CM-IA-00343
CM-IA-00357 to CM-IA-00362
CM-IA-00365 to CM-IA-00369
CM-IA-00372 to CM-IA-00373
CM-IA-003765 to CM-IA-00376
CM-IA-00380 to CM-IA-00381
```

```
RH-SS-IA-00007 to RH-SS-IA-00051
RH-SS-IA-00055 to RH-SS-IA-00057
RH-SS-IA-00060 to RH-SS-IA-00063
RH-SS-IA-00067 to RH-SS-IA-00070
RH-SS-IA-00076 to RH-SS-IA-00085
RH-SS-IA-00089 to RH-SS-IA-00101
RH-SS-IA-00103 to RH-SS-IA-00104
RH-SS-IA-00106 to RH-SS-IA-00108
RH-SS-IA-00110
RH-SS-IA-00113 to RH-SS-IA-00124
RH-SS-IA-00133 to RH-SS-IA-00175
RH-SS-IA-00214 to RH-SS-IA-00219
RH-SS-IA-00222 to RH-SS-IA-00226
RH-SS-IA-00228 to RH-SS-IA-00229
RH-SS-IA-00231 to RH-SS-IA-00232
RH-SS-IA-00236 to RH-SS-IA-00239
```

and;

all documents identified in Defendant's privilege logs as "Training Certificate", "Certificate of Completion" or "Certificate of Training".

The parties shall finalize a protective order no later than **October 6, 2008**. Service of the documents ordered disclosed shall occur within **ten (10) calendar days** after the Court signs the protective order.

It is further ordered that the telephonic Discovery Conference presently set for **September 23, 2008** is **VACATED.**

**IT IS SO ORDERED.**

Dated: September 19, 2008

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

COPY TO:

HON. WILLIAM Q. HAYES, UNITED STATES DISTRICT JUDGE
PLAINTIFF *PRO SE* IN CASE NO. 07-CV-1071
ALL PARTIES AND COUNSEL OF RECORD