1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STEVE KASSAB,                              CASE NO. 07cv1071 GPC
                                                (WMC)
12                            Plaintiff,
            vs.
13                                              **ORDER DISMISSING
                                                PLAINTIFF'S MOTION FOR
14   SAN DIEGO POLICE                           RECONSIDERATION**
     DEPARTMENT, a municipal
15   corporation, et al.,,                      [DKT. NO. 182]

16                            Defendant.

17

18          Pending before the Court is Plaintiff's motion to reconsider the Court Order

19   issued on January 11, 2013 granting Defendant's motion to dismiss parties and limit

20   the issues to be tried. ECF No. 182.  For the reasons set out below, the Court **DENIES**

21   Plaintiff's motion.

22                               **BACKGROUND**

23          Plaintiff's amended complaint asserts several §1983 claims against

24   Defendants, including false arrest and false imprisonment, assault and intimidation,

25   and excessive force and battery. ECF  No. 49.  Plaintiff also alleged state law civil

26   rights violations and intentional infliction of emotional distress. Id.  On September

27   9, 2009, the Court granted Defendants' motion for summary judgment as to all of

28   Plaintiff's federal claims and declined to exercise supplemental jurisdiction over

1   Plaintiff's state law claims. Dkt. No. 123.  Mr. Kassab appealed the Court's ruling

2   to the Ninth Circuit.  Upon review, the Ninth Circuit affirmed in part, reversed in

3   part, and remanded. <u>Kassab v. San Diego Police Department</u>, 453 F. App'x 747, 748

4   (9th Cir. 2011).  The Ninth Circuit held that the district court properly granted

5   summary judgment on Mr. Kassab's §1983 claims "concerning the searches of his

6   store, his arrest, and his prosecution because these claims are *Heck*-barred." <u>Id</u>. at

7   *748.  <u>See</u> <u>also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).  The Ninth Circuit

8   also upheld summary judgment on the excessive force claim "alleging that

9   defendant Nunez slammed a car door on his knee because Kassab failed to create a

10  genuine dispute of material fact as to whether Nunez acted intentionally." <u>Id</u>. The

11  Ninth Circuit further upheld the excessive force claim against the "City of San

12  Diego defendants because there was no underlying constitutional violation as to the

13  car door incident, and Kassab failed to create a triable dispute as to whether the

14  exposure to excessive heat was the product of a city custom or practice or a failure

15  to train." <u>Id</u>.  The Ninth Circuit reversed summary judgment on only one issue -

16  Kassab's excessive force claim that "he was detained in a police car for more than

17  four hours, with the windows rolled up, no air conditioning, and an interior

18  temperature of 115 degrees." <u>Id</u>.  The Court of Appeals held that a genuine issue of

19  material fact existed as to whether the police used excessive force in leaving Kassab

20  in the hot police car. <u>Id</u>.  Accordingly, the Ninth Circuit reversed summary

21  judgment on the claim "as to the individual officers" and remanded for further

22  proceedings. <u>Id</u>.

23       On January 11, 2013, the Court granted Defendant's motion to dismiss parties

24  and limit the issues to be tried. ECF No. 181.  In that order, the Court dismissed all

25  but two Defendants, San Diego Police Officers Skinner and Hernandez, pursuant to

26  the Ninth Circuit ruling which affirmed in part, reversed in part, and remanded the

27  case back to the district court. <u>Kassab</u>, 453 F. App'x 747.  The Court further held

28  that the only issue to be presented at trial would be the one excessive force count

1  that was reversed and remanded pursuant to the aforementioned Ninth Circuit

2  ruling. Id.

3     Plaintiff asks this Court to set aside its ruling based on two arguments. First,

4  Plaintiff asserts that the Court improperly dismissed Officer Millet because she was

5  the arresting officer and therefore should remain a Defendant. ECF No. 182 at 2.

6  Second, Plaintiff contends that the City of San Diego should also remain a

7  Defendant. Id. In opposition, Defendants point out that Plaintiff fails to

8  acknowledge the Ninth Circuit opinion affirming the District Court's granting of

9  summary judgment as to all issues except one excessive force claim. ECF No. 183 at

10  2. Defendants further contend that the admissible evidence in the matter shows that

11  only Officers Skinner and Hernandez were involved in the arrest of the Plaintiff,

12  and that any allegations that Officer Millet was involved in the arrest are mere

13  conjecture or inadmissible evidence. Id. at 3. Defendants also assert that the City of

14  San Diego should not be a named Defendant in the matter because the claims

15  against the City are *Heck*-barred and the District Court's findings dismissing those

16  claims were affirmed by the Ninth Circuit.

17

18                          **DISCUSSION**

19     A district court may reconsider an order under either Federal Rule of Civil

20  Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from

21  judgment). Under the local rules, a party that files a motion for reconsideration of

22  an order must set forth the material facts and circumstances surrounding the motion,

23  including any new or different facts and circumstances that are claimed to exist

24  which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i.

25  Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in

26  the interests of finality and conservation of judicial resources." Carroll v. Nakatani,

27  342 F.3d 934, 945 (9th Cir.2003). Reconsideration is appropriate if the district

28  court (1) is presented with newly discovered evidence, (2) committed clear error or

1  the initial decision was manifestly unjust, or (3) if there is an intervening change in

2  controlling law. <u>Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.</u>, 5 F.3d

3  1255, 1263 (9th Cir. 1993).

4         Plaintiff first argues that the Court wrongfully dismissed Officer Millet

5  because she assisted with his arrest.  Plaintiff attaches to his declaration a statement

6  by Officer Hernandez that indicates he assisted Officer Millet in the execution of the

7  arrest warrant for Steven Kassab. ECF No. 182, Exhibit 2.  The statement further

8  details a planning meeting between Officer Millet and Officers Hernandez and

9  Skinner prior to the operation taking place which lead to Plaintiff's arrest.

10 Defendants object to the submission of the statement as inadmissible evidence that

11 has never been brought forth before the Court.  Defendants further contend that the

12 statement does not show that Officer Millet participated in the arrest of Mr. Kassab.

13 Defendants remind the Court that the Ninth Circuit's ruling affirmed the Courts

14 summary judgment on all counts with the exception of one excessive force claim by

15 Officers Hernandez and Skinner and, as such, Officer Millet was properly

16 dismissed.

17        The Court will not rely on evidence that could have been made available to

18 the Court prior to the order granting summary judgment, which the Ninth Circuit

19 affirmed on all but one count.  Although Plaintiff brings this motion for

20 reconsideration of the order dismissing defendants and limiting the issues at trial, it

21 appears that Plaintiff is also attempting to re-litigate the previous order granting

22 summary judgment.  For example, Plaintiff states that he has the right to show that

23 Officer Millet is personally liable under 42 U.S. C section 1983.  ECF No. 182 at 6.

24 However, the allegations of a violation of 42 U.S.C. section 1983 were dismissed by

25 the Court and the Ninth Circuit affirmed that ruling.  If the proffered evidence was

26 available before disposition of the motion for summary judgment, then as a matter

27 of law the movant is not entitled to reconsideration based upon that evidence. <u>All

28 Hawaii Tours, Corp. v. Polynesian Cultural Ctr.</u>, 116 F.R.D. 645, 649 (D. Haw.

1   1987) rev'd, 855 F.2d 860 (9th Cir. 1988)(citing Trentacosta v. Frontier Pac.

2   Aircraft Industries, 813 F.2d 1553, 1557–58 n. 4 (9th Cir.1987); Frederick S. Wyle

3   P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985)).  Here, Plaintiff failed to

4   demonstrate that the evidence could not have been obtained before the Court ruled

5   on defendant's motion for summary judgment.  The Court now refuses to consider

6   the evidence after the Ninth Circuit has ruled upon the appeal of the order granting

7   summary judgment.  The Court further refuses to review new evidence upon

8   reconsideration of a completely separate order seeking to implement the Ninth

9   Circuit's decision.

10         Plaintiff's argument that the Court improperly dismissed the City of San

11  Diego also fails for similar reasons.  Plaintiff again asserts 42 U.S.C. section 1983

12  claims against the City of San Diego, an issue that was dismissed by the Court and

13  affirmed by the Ninth Circuit. ECF NO. 182 at 7.  The Ninth Circuit found that Mr.

14  Kassab "failed to create a triable dispute as to whether the exposure to excessive

15  heat was the product of a city custom or practice or a failure to train."  Kassab, 453

16  F. App'x 747.  As the Ninth Circuit affirmed dismissal of this claim, and as Plaintiff

17  has not stated any other reason to support his argument, the Court refuses to

18  reconsider its decision dismissing the City of San Diego as a defendant.

19         Plaintiff has not brought forth any other assertions that the Court has

20  committed clear error, that the decision was manifestly unjust or that there was an

21  intervening change in controlling law. For these reasons, the Court stands by its

22  January 11, 2013 order dismissing all defendants except San Diego Police Officers

23  Hernandez and Skinner, and limiting the issue to be tried to the one excessive force

24  claim. ECF No. 181.

25

26

27

28

1

**CONCLUSION**

2        **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is

3    **DENIED**.

4

5    DATED:  April 17, 2013

6                                            _____
                                             HON. GONZALO P. CURIEL
7                                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1071 CAB (WMc)