# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVE KASSAB, | CASE NO. 07cv1071 GPC (WMC) |
|---|---|
| Plaintiff, | |
| | **ORDER** |
| vs. | **(1) GRANTING MOTION TO WITHDRAW AS ATTORNEY** |
| | **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| SAN DIEGO POLICE DEPARTMENT, a municipal corporation, et al.,, | **(3) GRANTING MOTION FOR TO STAY PROCEEDINGS** |
| Defendants. | [DKT. NOs. 193, 194, 203] |

Pending before the Court is Attorney Harold Dickens' motion to withdraw as counsel, Plaintiff's motion for appointment of counsel, and Plaintiff's motion to stay the action. (Dkt. Nos. 203, 193, 194.) For the reasons set out below, the Court **GRANTS** the motion to withdraw as counsel, **DENIES** Plaintiff's motion for appointment of counsel, and **GRANTS** Plaintiff's motion to stay the action until June 6, 2014.

**BACKGROUND**

Plaintiff Steve Kassab's ("Plaintiff") amended complaint alleged several §1983 claims against Defendants San Diego Police Department and others ("Defendants"), including false arrest and false imprisonment, assault and intimidation, and excessive force and battery. (Dkt. No. 49.) Plaintiff also alleged state law civil rights violations and intentional infliction of emotional distress. (Id.) On September 9, 2009, the Court granted Defendants' motion for summary judgment as to all of Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. No. 123.) Mr. Kassab appealed the Court's ruling to the United States Court of Appeals for the Ninth Circuit. Upon review, the Ninth Circuit affirmed in part, reversed in part, and remanded. Kassab v. San Diego Police Department, 453 F. App'x 747, 748 (9th Cir. 2011). The Ninth Circuit reversed summary judgment on only one issue - Kassab's excessive force claim that "he was detained in a police car for more than four hours, with the windows rolled up, no air conditioning, and an interior temperature of 115 degrees." Id.

On January 11, 2013, the Court granted Defendants' motion to dismiss parties and limit the issues to be tried. (Dkt. No. 181.) In that order, the Court dismissed all but two Defendants, San Diego Police Officers Skinner and Hernandez and held the only issue to be presented at trial would be the one excessive force count that was reversed and remanded pursuant to the aforementioned Ninth Circuit ruling.

On April 17, 2013, the Court denied Plaintiff's motion for reconsideration of the Court Order Dismissing Defendants and Limiting Issues at Trial. (Dkt. No. 184.) Plaintiff appealed the Court's Order to the U.S. Court of Appeals for the Ninth Circuit. (Dkt. No. 186.) On May 28, 2013, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (Dkt. No.190.)

On June 4, 2013, Plaintiff filed a motion to continue the case and a motion to appointment counsel. (Dkt. Nos. 193, 194.)

On June 7, 2013, Defendants filed an opposition to Plaintiff's motions. (Dkt. No. 196.) On June 26, 2013, Plaintiff filed a reply. (Dkt. No. 201.)

On June 7, 2013, Judge McCurine instructed Plaintiff's attorney Harold Dickens to show cause why he failed to appear for an in-person status conference on that same date. (Dkt. No. 195.) At the OSC hearing held on June 26, 2013, counsel Harold Dickens, Esq., appeared on behalf of Plaintiff.

On July 1, 2013, counsel Harold Dickens filed a motion to withdraw as attorney for Plaintiff. (Dkt. No. 203.) Defendants filed a statement of non-opposition. (Dkt. No. 205.)

**DISCUSSION**

**I. Motion to Withdraw as Counsel**

Harold Dickens' filed a motion to withdraw as counsel of record for Plaintiff Steve Kassab on the ground that irreconcilable differences had arisen between Dickens and Plaintiff. (Dkt. No. 203 at 2.) Mr. Dickens also filed a declaration of service, verifying service upon opposing counsel and Plaintiff Kassab. (Id.)

An attorney may not withdraw as counsel leaving the client in propria persona except by leave of court. See L. Civ. R. 83.3(g)(3); Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D.Cal.1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Irwin v. Mascott, No. 97–4737, 2004 U.S. Dist. LEXIS 28264, at *3–4 (N.D.Cal. Dec. 1, 2004) (citing Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir.1982)). Local Civil Rule 83.3(g)(3) provides:

> Withdrawal. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

Here, counsel states in a supporting declaration that he has irreconcilable differences with his client. He also attaches an email from Mr. Kassab to Mr. Dickens dated January 31, 2013. The email states in part, "I am requesting that you

- 3 - 07cv1071 CAB (WMc)

provide copies of the essential information in order to go forward with my case . . . I must seek to terminate your employment . . ." (Dkt. No. 203-2 at 1.) Additionally, Plaintiff has a filed a motion for the Court to appoint counsel, suggesting that Plaintiff has no attorney representation. Given these facts, and as the Defendants do not oppose, the Court **GRANTS** the motion to withdraw as counsel.

**II. Motion to Appoint Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. Generally, a person has no right to counsel in civil actions. See <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). <u>Agyeman v. Corrs. Corp. Of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. <u>Gerber v. Agyeman</u>, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity view together. <u>Wilborn v. Escalderson</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these factors are dispositive and both must be viewed together before reaching a decision." <u>Id.</u> at 1331.

Plaintiff alleges that he is unable to represent himself due to his current incarceration. (Dkt. No. 149 at 4.) Plaintiff states that he is indigent, and points to the Court's order granting Plaintiff's motion to proceed in forma pauperis as proof of his indigence. (<u>Id.</u>; <u>see also</u> Dkt. No. 3.) Plaintiff further asserts that due to his incarceration, he is unable to research legal issues to adequately represent himself.

Plaintiff has not sufficiently shown that "exceptional circumstances" exist to warrant appointment of counsel in this case. First, Plaintiff has not shown that he is likely to succeed on the merits. Second, the record shows that Plaintiff has been able to articulately represent himself at various points during this litigation. Furthermore, Plaintiff has also had the ability to pay for counsel representation

during this ligation. Under these circumstances the Court **DENIES** Plaintiff's motion for appointment of counsel.

**III. Motion to Stay**

A district court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting of or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962). Among these competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254–55).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "[I]f there is even a fair possibility that the stay ... will work damage to someone else[,]" the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255. The Ninth Circuit has held that "[t]he district court's indefinite stay of all proceedings is tantamount to a denial of due process. Simply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs." Wimberly v. Rogers, 557 F.2d 671, 673 (9th Cir.1997). In considering whether a stay should be ordered, the court should "balance the length of the stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir.2000).

Plaintiff requests the Court stay or continue this case until he is released from prison on June 6, 2014. (Dkt. No. 193 at 4.) Aside from several arguments contesting his current incarceration as unlawful, Plaintiff asserts he is unable to

- 5 -

07cv1071 CAB (WMc)

represent himself during incarceration because he has no access to legal resources to litigate his case. (Id. at 5.) Plaintiff also asserts that he cannot adequately respond to the Defendants' motions. (Id.)

Defendants oppose Plaintiff's motion for a stay. (Dkt. No. 196.) Defendants lay out the lengthy procedural history of this case, in which Plaintiff has created extensive delays. (Dkt. No. 196 at 2-8.) Defendants argue that Plaintiff has demonstrated he is able to file documents from his current location, and has represented himself for the majority of the proceedings in this matter. (Id. at 8.) Defendants argue his incarceration status should not impede this case from moving forward. (Id.)

Consideration of the Landis factors weigh in favor of a stay. First, Plaintiff would suffer hardship if the litigation were to move forward without a stay. There is one triable issue of excessive force that the Ninth Circuit remanded to this Court. As Defendants accurately state, Plaintiff has sufficiently represented himself for a majority of these proceedings. However, most of that *pro se* representation was not during Plaintiff's period of incarceration. To require Plaintiff to conduct pre-trial conferences, prepare for trial and represent himself during trial while he is incarcerated would likely cause Plaintiff to suffer hardship. Furthermore, Defendants have not stated a compelling reason that a tenth-month stay of the proceedings would cause them damage. Simply because the litigation has been ongoing for several years does not mean Defendants will be harmed by a ten-month delay. Indeed, the Court views the delay as a minor set-back given the lengthy proceedings. Moreover, as the stay is for a limited period, Defendants are in no danger of being denied their procedural due process rights. Lastly, the administration of justice would be facilitated by the stay. As Plaintiff has represented himself for a majority of this case, his *pro se* representation will be key to finalizing the remaining claim in this litigation. On balance, the equities favor a temporary stay.

## CONCLUSION

For the reasons stated above, the Court hereby

(1) **GRANTS** counsel Dickens' motion to withdraw as counsel;

(2) **DENIES** Plaintiff's motion for appointment of counsel;

(3) **GRANTS** Plaintiff's motion to stay the proceedings until June 6, 2014.

Accordingly, the Court hereby **VACATES** the hearing date on the motion to withdraw as counsel currently set for Friday, August 9, 2013.

**IT IS SO ORDERED.**

DATED: August 6, 2013

HON. GONZALO P. CURIEL
United States District Judge