# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| STEVE KASSAB,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO POLICE DEPARTMENT, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 07-cv-01071-BAS(JLB)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO DISQUALIFY JUDGE BASHANT**<br><br>(ECF No. 230) |
|---|---|

Presently before this Court is an *ex parte* motion filed by Plaintiff Steve Kassab ("Plaintiff") seeking to disqualify Judge Bashant pursuant to California Code of Civil Procedures 170.1(A)(6) through 170.6. During the Final Pretrial Conference, Judge Bashant tentatively denied Plaintiff's motion and indicated a written order would follow. For the following reasons, the Court confirms its tentative and **DENIES** Plaintiff's *ex parte* motion to disqualify Judge Bashant (ECF No. 230).

## I.   FACTUAL BACKGROUND

Plaintiff had two pending cases before this Court. The first was a habeas petition filed in *Kassab v. County of San Diego Detention*, Case No. 13-cv-03182-KSC (S.D. Cal.). The parties have stipulated to Magistrate jurisdiction in that case

and that case is now solely before Magistrate Judge Crawford.  (*See* ECF No. 47 in Case No. 13-cv-03182 (S.D. Cal.).)

The second case is the one currently pending before this Court and set for trial on February 17, 2015.  This case was originally assigned to Judge Hayes.  On November 4, 2008, Judge Hayes transferred the case to Judge Anello.  (ECF No. 85.)  On September 22, 2009, Judge Anello granted Defendants' motion for summary judgment and dismissed the action in its entirety.  (ECF No. 123.)

The Ninth Circuit affirmed most of this ruling, finding: (1) "[t]he district court properly granted summary judgment on Kassab's §1983 claims concerning the searches of his store, his arrest, and his prosecution;" (2) "[t]he district court properly granted summary judgment on Kassab's excessive force claim alleging that defendant Nunez slammed a car door on his knee;" and (3) [t]he district court properly granted summary judgment on Kassab's excessive force claims against the City of San Diego defendants."  (ECF No. 140.)  The only issue reversed and remanded, and, therefore, the only issue currently remaining for trial is the excessive force claim against the individual officers claiming Plaintiff was subjected to excessive heat during his July 13, 2006 arrest.  (*Id*.; *see also* ECF No. 181.)  The Ninth Circuit found that in light of Plaintiff's claims that he was detained in a police car for more than four hours, with the window rolled up, no air conditioning, in interior temperature of 115 degrees, leading to heat stroke, difficult breathing and almost passing out several times, this created a triable dispute as to whether Defendants Skinner and Hernandez used excessive force when arresting Plaintiff. (ECF No. 140 at pp. 2-3.)

On November 9, 2011, Plaintiff filed an Emergency Motion to Disqualify Judge Anello and Magistrate Judge McCurine on the grounds that these judges "are biased and prejudiced against the Plaintiff" and believe "that all Iraqis are on the wrong side of the law until proven without fault." (ECF No. 134 at pp. 1, 5-6.)  In the Emergency Motion, Plaintiff claims these judges ignored or just cancelled his

motions, and accuses them of "blatant bias, prejudice, discrimination, duress, coercion and retaliation…against Arab American litigants." (*Id*. at p. 10.) Finally, Plaintiff argues these judges "facilitated crimes of the San Diego Police Department and it's [sic] officers. They belong behind state prison bars with the rest of the defendants." (*Id*. at p. 14.)

On November 28, 2011, Judge Anello denied Plaintiff's Emergency Motion to Disqualify, but in February 2012, Judge Anello transferred the case to Judge Bencivengo. (*See* ECF Nos. 136, 151.) In October, 2012, Judge Bencivengo transferred the case to Judge Curiel, and on May 13, 2014, Judge Curiel transferred the case to this Court.[1] (*See* ECF Nos. 176, 210.)

This Court has only issued two orders since the case was transferred in May 2014. The first was to lift and deny a further stay of the proceedings. (ECF Nos. 212, 214.) The second was to deny Plaintiff's motion for appointment of counsel. (ECF No. 214.)[2]

Plaintiff now moves to disqualify Judge Bashant alleging that she is "biased and prejudiced against the Plaintiff" and believes "that all Iraqis are on the wrong side of the law until proven without fault." (ECF No. 230 at p. 2.) Plaintiff claims the judge has ignored or just cancelled his motions and accuses her of "blatant prejudice, discrimination, duress, coercion and retaliation…against Arab American litigants." (*Id*. at p. 10.) In addition, Plaintiff claims Judge Bashant: (1) denied several of his pertinent motions; (2) failed to receive documents in and failed to hear his habeas petition promptly; (3) was a former Superior Court judge and is now "trying to protect her colleagues by covering up their mistakes and illegal wrongdoing against the Petitioner;" (4) previously worked at the San Diego City

---

[1] Although Plaintiff characterizes these transfers as "recusals," in fact each was a transfer that occurred in the normal course of business as new district judges were appointed. These were not recusals.

[2] Five different attorneys have substituted in and out as counsel for Plaintiff during the pendency of this lawsuit.

Attorney's Office and thus rules on City Attorney's Office motions promptly and his motions slowly; (5) refused him access to a PACER (the court's electronic records) account; and (6) "may represent [defendants] in legal matters pertaining to financial status." (*Id*. at pp. 5-13.) Finally, Plaintiff claims Judge Bashant "facilitated crimes of the San Diego Police Department and it's [sic] officers. She belongs behind state prison bars with the rest of the defendants." (*Id*. at p. 13.)

## II. LEGAL STANDARD

Plaintiff files his motion for recusal under the California Code of Civil Procedure, sections 170.1(A)(6) through 170.6. However, state laws are not applicable to this federal case. Under the federal recusal statutes, "[a]ny…judge…shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S. C. § 455(a). The judge shall also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S. C. §455(b)(1). In addition, where a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party," then the judge shall assign the case to another judge to hear such proceeding. 28 U.S.C. § 144.

Under both federal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations omitted). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Clemens v. United States Dist. Ct. for the Cent. Dist. Of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quotations and citation omitted). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not enough to require recusal." *Id*. (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1993)).

1  Ordinarily, the party must allege "facts that fairly support the contention that
2  the judge exhibits bias or prejudice directed toward a party that stems from an
3  extrajudicial source."  *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).
4  This "generally requires as the basis for recusal something other than rulings,
5  opinions formed[,] or statements made by the judge during the course of the trial."
6  *United States v. Holland*, 519 F.3d 909, 914-15 (9th Cir. 2008). "[J]udicial rulings
7  alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v.*
8  *United States*, 510 U.S. 540, 555 (1994).

9  In addition, [i]t has long been established … that a party cannot force a judge
10 to recuse him [or her]self by engaging in personal attacks on the judge." *Standing*
11 *Comm. On Discipline of the United States Dist. Court For Cent. Dist. Of Cal. v.*
12 *Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995).  "[I]n the absence of a legitimate
13 reason to recuse [her]self, a judge should participate in cases assigned." *Holland*,
14 519 F.3d at 912 (quotations and citations omitted).

15 **III.   DISCUSSION**

16 In this case, Plaintiff uses boilerplate language that he has already used
17 against other judges assigned to the case, claiming without any factual support that
18 the judge is biased against Arab Americans and specifically Iraqis and that she
19 "facilitated crimes within the San Diego Police Department."  These allegations
20 constitute nothing more than "rumor, speculation, beliefs, conclusions, innuendo,
21 suspicion, opinion, and similar non-factual matters," which is insufficient to warrant
22 recusal.  *See Clemens*, 428 F.3d at 1178 (citation omitted).

23 In addition, the fact that this Court denied two motions filed by the Plaintiff in
24 this case, or was slow to rule on another case filed by the Plaintiff, even if it were
25 true, is insufficient grounds for recusal.  Furthermore, it is unclear how the allegation
26 that this judge is prejudiced in favor of former colleagues at the San Diego Superior
27 Court relates to this case considering this case does not involve claims against
28 judges of the Superior Court.  This case involves allegations against two police

officers, claiming they used excessive force in arresting Plaintiff.

Next, Plaintiff's allegation that this judge used to work at the City Attorney's Office, and thus has been quick to rule on motions filed by the City Attorney's Office and slow to rule on his motions, is unsupported by the docket in this case. Even if it was true that this judge previously worked at the City Attorney's Office (it is not), she received this case eight months ago and has only ruled on two motions since receiving the transfer, none of which was filed by the City Attorney's Office.

Additionally, although Plaintiff claims this judge denied him access to a PACER account, he filed this motion via his PACER account, and the docket reflects that he has been given access in this case since September 2007, long before this judge was assigned to the case. (*See* ECF No. 24.) Finally, this Court is unsure what Plaintiff is making reference to when he says the judge "may represent [defendants] in legal matters pertaining to financial status." Without more, Plaintiff's affidavit is not sufficient to warrant referral to another judge.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Motion to Disqualify Judge Bashant (ECF No. 230) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 14, 2015

Hon. Cynthia Bashant
United States District Judge